# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS, | 1:10-cv-210-OWW-GSA |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR RECUSAL |
| CHIEF JUSTICE RONALD GEORGE, | |
| Defendant. | (Doc. 14) |

_____/

Plaintiff, a prisoner, proceeding pro se, filed a complaint in this action on February 9, 2010. (Doc. 1). The complaint was dismissed by this Court on February 18, 2010, for failure to state a claim, and judgment was entered. (Docs. 7, 8). On March 4, 2010, Plaintiff filed a Motion to Set Aside the Judgment. (Doc. 10). On August 17, 2010, Plaintiff filed an ex parte motion seeking recusal of the undersigned. (Doc. 14). Plaintiff alleges this Court acted improperly by issuing an order of dismissal prior to the Magistrate Judge issuing a ruling in this case. Plaintiff also contends that this Court has demonstrated bias by failing to rule on his Motion to Set Aside Judgment.

Disqualification is required if a judge's impartiality might reasonably be questioned, or if the judge has a personal bias or prejudice for or against a party. Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct.

1

2535 (1990). "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir. 1984)). Plaintiff's disagreement with the Court's judicial rulings in this case and the timing of when this Court issues an order do not constitute a valid basis for a bias or partiality motion. In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)). "[Judicial rulings ]cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id. Extrajudicial source factors involves "something other that rulings, opinions, or statements ..." United States v. Johnson, 610 F. 3d 1138 (9th Cir. 2010) (citing United States v. Holland, 519 F. 3d 909, 914 (9th Cir. 2008).

Plaintiff has not identified any extrajudicial source justifying recusal. Plaintiff's sole basis for the motion to recuse relates to his dissatisfaction with this Court's orders which is not sufficient. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).   For the reasons set forth herein, Plaintiff's Ex Parte Motion for Recusal is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   March 14, 2011**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE