# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CHARLES T. DAVIS,                                  1:10-cv-00210-OWW-GSA

                    Plaintiff,

      v.                                                  ORDER DENYING PLAINTIFF'S
                                                    MOTION TO SET ASIDE JUDGMENT
CHIEF JUSTICE RONALD GEORGE,
                                                    (Doc. 10, 13)

                    Defendant.

_____/

## I.     Introduction

        Charles T. Davis ("Plaintiff") is a state prisoner, proceeding pro se and in forma pauperis
in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint commencing
this action on February 9, 2010, against Defendant Ronald George, Chief Justice of the
California Supreme Court ("Defendant").  In the complaint Plaintiff contends Defendant
improperly failed to remove his name from the Vexatious Litigant List maintained by the State of
California.  Plaintiff alleges a violation of the equal protection clause and his right to due process
under the United States Constitution.  Plaintiff also alleges causes of action for denial of access

1  to courts under the First Amendment of the Constitution and retaliation.  Plaintiff seeks

2  declaratory and injunctive relief.

3        On February 18, 2010, the Court dismissed Plaintiff's complaint for failure to state a

4  claim and entered judgment.  (Doc. 7, 8.)  On March  4, 2010, Plaintiff filed the instant Motion to

5  Set Aside the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).[1]  (Docs. 10, 13).

6  Upon a review of the pleadings, Plaintiff's motion is DENIED with prejudice.

7  **II.    Discussion**

8        Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a

9  final judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable

10 neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or

11 discharged judgment; or (6) "extraordinary circumstances" which would justify relief.

12 Fed.R.Civ.Pro. 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

13 manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

14 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

15 omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

16 . . . ." Id. (internal quotation marks and citation omitted).

17       Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or

18 different facts or circumstances are claimed to exist which did not exist or were not shown upon

19 such prior motion, or what other grounds exist for the motion," and "why the facts or

20 circumstances were not shown at the time of the prior motion."  "A motion for reconsideration

21 should not be granted, absent highly unusual circumstances, unless the district court is presented

22 with newly discovered evidence, committed clear error, or if there is an intervening change in the

23 controlling law ..." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873,

24 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  "[a]

25 party seeking reconsideration must show more than a disagreement with the Court's decision,

26 and recapitulation . . .  of that which was already considered by the Court in rendering its

27

28       [1] In addition to the Motion to Set Aside Judgment, Plaintiff also filed an Ex Parte Motion Pursuant to Fed.
R. Civ. Pro. 7(b)(1) requesting that the Court rule on his motion.  The Court considers this document as part of the
Motion to Set Aside Judgment.  (Doc. 13).

1  decision." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

2          Plaintiff argues this Court improperly dismissed his complaint.  The basis of the Court's

3  dismissal was that Chief Justice Ronald George[2] is entitled to absolute judicial immunity from

4  suit.  Plaintiff argues that the cases cited by the Court in support of dismissal of the action are not

5  applicable to his case.   However, it has long been established that judges are absolutely immune

6  from liability for acts "done by them in the exercise of their judicial functions." Bradley v.

7  Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871).   The Court based its decision to

8  dismiss the action on two cases, Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008), and In re

9  Complaint of Judicial Misconduct,  366 F.3d 963, 965 (9th Cir. 2004).   (Doc. 7 at 1:25-26).

10          Plaintiff contends that the opinion In re Complaint of Judicial Misconduct does not

11  support the Court's argument that Chief Justice Ronald George is entitled to judicial immunity

12  for judicial conduct, because In re Complaint of Judicial Misconduct was brought against a judge

13  who acted in an administrative capacity, not judicial capacity.  However, the In re Complaint of

14  Judicial Misconduct the court discusses what constitutes "judicial misconduct" and affirms that

15  judges have absolute immunity for judicial conduct in § 1983 cases, which supports the Court's

16  analysis.  In re Complaint of Judicial Misconduct, 366 F. 3d at 965.

17          Plaintiff also argues that Miller v. Davis is not applicable to the Court's decision because

18  the defendant at issue in Miller was Gray Davis, then-Governor of California, and involved

19  quasi-judicial immunity, unlike Plaintiff's case which was brought against a judge and involves a

20  question of judicial immunity.  However, the Miller court affirms that "[I]t has long been

21  established that judges are absolutely immune from liability for acts 'done by them in the

22  exercise of their judicial functions,'" which supports the Court's decision that Chief Justice

23  George cannot be sued in his judicial capacity.  Miller v. Davis, 521 F.3d at 1145 (9th Cir. 2008)

24  (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871).

25          Plaintiff also contends that the Court failed to apply the correct legal standard used by the

26  Ninth Circuit in Wolfe v. Strankman, which held that Chief Justice Ronald George was not

27  immune from Wolfe's § 1983 suit.  Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004).  Wolfe

28

_____

[2] Chief Justice Ronald George is no longer the presiding Chief Justice of the California Supreme Court.

1   brought his complaint against several defendants, including Chief Justice Ronald George, and

2   requested declaratory judgment that the California Vexatious Litigant statute was

3   unconstitutional, as well as injunctive relief barring enforcement of the statute.  Wolfe sued the

4   Chief Justice in his capacity as a judge, and also in his capacity as Chair of the Judicial Council

5   for his role in adding Wolfe's name to the Vexatious Litigant List.  The district court dismissed

6   Wolfe's complaint, based in part on the Chief Justice's sovereign immunity and judicial

7   immunity from suit.  Plaintiff appealed to the Ninth Circuit, which held, *inter alia*, that the Chief

8   Justice was a proper defendant and remanded the case. The Ninth Circuit held that because

9   Wolfe had sued the Chief Justice in his official capacity under § 1983 for injunctive and

10  declaratory relief, the Chief Justice was not entitled to sovereign immunity.

11      Plaintiff argues that the Court should reopen the instant case because he is suing

12  Defendant George in his administrative and enforcement capacity for injunctive relief.  He

13  contends that based on the Ninth Circuit's rationale in Wolfe v. Strankman, Chief Justice Ronald

14  George is a proper defendant and is not immune from suit.   However, Plaintiff's case differs

15  procedurally from Wolfe v. Strankman.   In Wolfe, the Ninth Circuit held that the Rooker-

16  Feldman Doctrine did not apply because at the time Wolfe filed the complaint there was no

17  vexatious litigant order in place against him. The Court noted :

18      in April 1992, the Superior Court for the County of San Francisco labeled Wolfe a
        vexatious litigant and issued a prefiling order against him.  Wolfe had a series of
19      unsuccessful pro se lawsuits challenging the business practices of San Francisco
        taxicab companies.  Wolfe remained on the vexatious litigant list for seven years.
20      On April 19, 1999, Wolfe's name was removed from the list and the prefiling
        order against him was rescinded.  Between November 1999 and February 2000,
21      Wolfe filed six pro se lawsuits in state courts ...
        Wolfe v. Strankman, 392 F.3d at 363.

22      The Court determined that "since there was no vexatious litigant order entered against

23  Wolfe at the time he filed in district court there was no state court judgment from which he could

24  have been seeking relief." Id. As such, the Court held that Wolfe's case was not barred under the

25  Rooker-Feldman doctrine. Wolfe, 392 F.3d at 364.

26      Here, Plaintiff's complaint challenges a vexatious litigant order which is currently in

27  place against him. Thus, the Rooker-Feldman doctrine applies.  Ultimately, appellate jurisdiction

28  of state court judgments rests in the United States Supreme Court, not in the federal district

court. 28 U.S.C. § 1257.  A federal district court lacks subject matter jurisdiction to hear an

appeal of a state court judgment (the Rooker-Feldman Doctrine).  District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462,(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

See Bianchi v. Rylaarsdam, 334 F.3d 895, 896 (9th Cir.2003), cert. denied, 540 U.S. 1213, 124

S.Ct. 1415, 158 L.Ed.2d 140 (2004).  A federal complaint must be dismissed for lack of subject

matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state

court's decisions so that adjudication of the federal claims would undercut the state ruling or

require the district court to interpret the application of state laws or procedural rules.  Bianchi v.

Rylaarsdam, 334 F.3d at 898.  In other words, a claim is inextricably intertwined with a state

court judgment if the federal claim succeeds only to the extent that the state court wrongly

decided the issues before it, or if the relief requested in the federal action would effectively

reverse the state court's decision or void its ruling.  Fontana Empire Center, LLC v. City of

Fontana, 307 F.3d 987, 992 (9th Cir.2002).

    In this case, Plaintiff is alleging injuries as a result of a state court judgment regarding his

status as a vexatious litigant.  Thus, any ruling this Court makes, whether it relates to declaratory

or injunctive relief, would affect the state court's decision which is prohibited under the Rooker-

Feldman doctrine.

    Moreover, even if Plaintiff's claims were not barred under the Rooker-Feldman doctrine,

Plaintiff's reliance on Wolfe v. Strankman is misplaced.  After Wolfe v. Strankman was

remanded, the Ninth Circuit subsequently held that Mr. Wolfe's claims were without merit and

that California's vexatious litigant statue does not violate the right to due process or the equal

protection clause of the constitution.  Wolfe v. George, 486 F. 3d 1120 (9th Cir. 2007).  These are

the same causes of action alleged in Plaintiff's complaint.[3]

    As such, Plaintiff has failed to establish that the Court committed clear error in

_____

[3] Plaintiff's complaint also alleges a denial of access to courts claim.  Inmates have a fundamental
constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  However, the right is limited
to direct criminal appeals, habeas petitions, and civil rights actions.  Id., at 354. In this instance, Plaintiff is
contesting the denial of the removal of his name from the Vexatious Litigant List which he contends prevented him
from filing petitions for writ of mandate.  A petition for writ of mandate is not a direct criminal appeal, a habeas
petition, or a civil rights action.  Accordingly, Plaintiff's denial of access to courts claim is not cognizable. See,
Plaintiff's Complaint at Attachment 1. (Doc. 1, pgs. 7- 48).

dismissing his case or that extraordinary circumstances exist which would justify relief pursuant

to Fed. Rule of Civ. Proc 60(b).  Therefore, Plaintiff's Motion to Set Aside the judgment is

DENIED.


IT IS SO ORDERED.

**Dated:   March 14, 2011**              _____/s/ **Oliver W. Wanger**_____
                                         UNITED STATES DISTRICT JUDGE