# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>              **Plaintiff,**<br><br>    **v.**<br><br>RONALD GEORGE, Chief Justice,<br><br>              **Defendant.** | 1:10-cv-00210-OWW-GSA<br><br>ORDER RE: REFERRAL NOTICE FROM THE NINTH CIRCUIT COURT OF APPEAL (Doc. 24) |

On February 9, 2010, Plaintiff Charles T. Davis' ("Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The court granted Plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on February 16, 2010. (Doc. 5).

On February 18, 2010, Plaintiff's complaint was dismissed with prejudice for failure to state a claim, and judgment was entered against Plaintiff. (Docs. 7, 8). Plaintiff filed a notice of appeal on March 24, 2011. (Doc. 20).

The Ninth Circuit Court of Appeal issued a Referral Notice to the district court on April 4, 2011. The Referral Notice provides in part:

> This matter is referred to the district court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. See 28 U.S.C.

1

> § 1915(a)(3); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous).
>
> If the district court elects to revoke in forma pauperis status, the district court is requested to notify this court and the parties of such determination within 21 days of the date of this referral. If the district court does not revoke in forma pauperis status, such status will continue automatically for this appeal pursuant to Fed. R. App. P. 24(a)

(Doc. 24).

Plaintiff's complaint is advanced against the Chief Justice of the California Supreme Court in his official capacity ("Defendant").[1] (See Doc. 1). Plaintiff alleges he was deprived of due process by Defendant's refusal to afford him a hearing in connection with his designation as a "vexations litigant" pursuant to California Civil Code section 391.

Plaintiff's complaint was dismissed on the basis of judicial immunity. (Doc. 7, Order Dismissing Compl. at 1) (citing *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) and *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004) for the proposition that Defendant is entitled to absolute judicial immunity). A review of the complaint reveals that, because Plaintiff seeks declaratory relief, his claim may be cognizable and there are colorable grounds for an appeal. *See Wolfe v. Strankman*, 392 F.3d 358, 367 (9th Cir. 2005) (reversing dismissal with prejudice of claim against Chief Justice in his administrative capacity in claim seeking declaratory relief regarding the

---

[1] At the time Plaintiff filed his complaint, Justice George Brown was the presiding Chief Justice.

**2**

constitutionality of California's vexatious litigant statute); *see also Wolfe v. George*, 385 F. Supp. 2d 1004, 1009-1010 (N.D. Cal. 2005) (reaching the merits of Plaintiff's section 1983 claim for declaratory relief on remand from *Wolfe v. Strankman*); *accord Besaro Mobile Home Park, LLC v. City of Fremont*, 2010 U.S. Dist. LEXIS 76825 *4-6 (N.D. Cal. 2010)(concluding that claim for injunctive relief was cognizable under section 1983 because declaratory relief was unavailable) (citing, *inter alia*, 42 U.S.C. 1983 for the proposition that "Congress limited the availability of injunctive relief against state judicial officers to situations where 'a declaratory decree was violated or declaratory relief was unavailable'). As the sole remedy sought injunctive relief could be available upon a proper showing, it cannot be determined if this case is frivolous or in bad faith on the merits.

IT IS SO ORDERED.

**Dated: April 8, 2011**  /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

3